# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EDDIE GILL,**

      Plaintiff,

   -vs-                                                 Case No. 15-C-587

**CITY OF MILWAUKEE, et al.,**

      Defendants.

## DECISION AND ORDER

The defendants removed this civil rights action from Milwaukee County Circuit Court. The plaintiff, Eddie Gill, moves to remand on the following grounds: (1) not all of the defendants consented to the removal; and (2) state law issues predominate over federal issues. As to the first ground, the docket now clearly reflects that all of the defendants have consented to the removal. 28 U.S.C. § 1446(b)(2)(A). The second ground is not a valid argument in support of remand. *See Palivos v. City of Chi.*, 901 F. Supp. 271, 273 (N.D. Ill. 1995) (discussing 28 U.S.C. § 1367(c)(2)). Gill explicitly alleges multiple claims under 42 U.S.C. § 1983. Therefore, the removal was proper. 28 U.S.C. §§ 1441(a), (c).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The motions for joinder [ECF Nos. 8 and 15] are **GRANTED**, and the motion to remand [ECF No. 7] is **DENIED**;

2. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **October 27, 2015** at **9:30 a.m.** (Central Time). Please be available at that time. The Court will initiate the call;

3. The purpose of the conference call is to establish a scheduling order which will limit the time: (a) to join other parties and to amend the pleadings; (b) to file motions; (c) to complete discovery;

4. The scheduling order may also: (a) modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted; (b) provide for the disclosure or discovery of electronically stored information; (c) include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced; (d) the date or dates for conferences before trial, a final pretrial conference, and trial; and (e) any other matters appropriate in the circumstances of the case;

5. The time limitations set forth in the scheduling order may

only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4);

6. The parties should be prepared to discuss the matters listed in Civil Local Rule 16(a)(1). Please refer to Attachment A. Special attention should also be given to Rule 26(f)(1), which requires the parties to conduct a settlement/discovery conference at least twenty-one (21) days prior to the initial scheduling conference described above. The Rule 26(f) conference may be conducted by telephone. Rules 26(f)(2) and (3) mandate that the parties, within fourteen (14) days of their conference: (a) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and (b) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rules 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include one or two sentences stating the nature of the case;

7. The written report must include the telephone numbers where the parties can be reached for this call;

8. In addition, Judge Randa is participating in the Seventh Circuit Electronic Discovery Pilot Program and has adopted the <u>Principles Relating to the Discovery of Electronically Stored Information</u>. Counsel

should be fully prepared to discuss methods and techniques to accomplish cooperative fact-finding in their case at the initial status conference. Before the initial status conference, counsel must also meet and discuss the Principles Relating to the Discovery of Electronically Stored Information. At the initial status conference, counsel must be prepared to discuss what agreements they have reached regarding discovery of Electronically Stored Information ("ESI") and what area of disagreement they have with regard to discovery of ESI. After discussing the matter with counsel, the Court will determine whether to enter the <u>Standing Order Relating to the Discovery of Electronically Stored Information</u> in their particular case. (Please refer to Attachments B & C).

      Dated at Milwaukee, Wisconsin, this 31st day of August, 2015.

                                       **BY THE COURT:**

                                       *Rudolph T. Randa*
                                       **HON. RUDOLPH T. RANDA**
                                       **U.S. District Judge**

- 4 -

Case 2:15-cv-00587-RTR    Filed 08/31/15    Page 4 of 4    Document 16