# United States District Court
# Eastern District of Wisconsin (Milwaukee)
# CIVIL DOCKET FOR CASE #: 2:15–cv–00587–RTR

| | |
|---|---|
| Gill v. City of Milwaukee et al | Date Filed: 05/14/2015 |
| Assigned to: Judge Rudolph T Randa | Date Terminated: 06/09/2016 |
| Case in other court:  Milwaukee County Circuit Court, 15–CV–003600 | Jury Demand: Defendant |
| | Nature of Suit: 440 Civil Rights: Other |
| Cause: 28:1441 Petition for Removal– Civil Rights Act | Jurisdiction: Federal Question |

**Plaintiff**

**Eddie Gill**                               represented by    **Drew J DeVinney**
Martin Law Office SC
7280 S 13th St – Ste 102
Oak Creek, WI 53154
414–856–2310
Fax: 414–856–2315
Email: drew@martin–law–office.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John A Birdsall**
Birdsall Law Offices SC
1110 N Old World Third St –Ste 218
Milwaukee, WI 53203
414–831–5465
Fax: 414–831–5468
Email: JBirdsall@Birdsall–law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kevin R Martin**
Martin Law Office SC
7280 S 13th St – Ste 102
Oak Creek, WI 53154
414–856–2310
Fax: 414–856–2315
Email: kevin@martin–law–office.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Milwaukee**                        represented by    **Jan A Smokowicz**
Milwaukee City Attorney's Office
841 N Broadway St – Ste 716
Milwaukee, WI 53202

414–286–2601
Fax: 414–286–8550
Email: jsmoko@milwaukee.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny Yuan**
Milwaukee City Attorney's Office
200 E Wells St – Ste 800
Milwaukee, WI 53202
414–286–2601
Fax: 414–286–8550
Email: JYuan@milwaukee.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

Edward A Flynn                    represented by    **Jan A Smokowicz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jenny Yuan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

James Hensley                     represented by    **Jan A Smokowicz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jenny Yuan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Timothy Graham                    represented by    **Jan A Smokowicz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Jenny Yuan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

Mark Peterson                     represented by    **Joseph M Russell**
                                                    von Briesen &Roper SC
                                                    411 E Wisconsin Ave – Ste 1000
                                                    Milwaukee, WI 53202–4427

414–276–1122
Fax: 414–276–6281
Email: jrussell@vonbriesen.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Erik Gulbrandson**                  represented by   **Jan A Smokowicz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny Yuan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Billy Ball**                  represented by   **Jan A Smokowicz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny Yuan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dennis Devalkenaere**                  represented by   **Jan A Smokowicz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenny Yuan**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/14/2015 | 1 | | NOTICE OF REMOVAL by City of Milwaukee from Milwaukee County Circuit Court, Case Number: 15–CV–3600 with attached state court documents. (Filing Fee PAID $400 receipt number 0757–2104045) (Attachments: # 1 Summons and Complaint, # 2 Civil Cover Sheet)(Yuan, Jenny) |
| 05/14/2015 | | | NOTICE Regarding assignment of this matter to Judge Rudolph T Randa; Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days; the consent/refusal form is available on our web site; pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (lls) |
| 05/18/2015 | 2 | | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by City of Milwaukee.(Yuan, Jenny) |

| 05/19/2015 | 3 | | Refusal to Jurisdiction by US Magistrate Judge by City of Milwaukee. (Yuan, Jenny) |
|---|---|---|---|
| 06/04/2015 | 4 | | Consent to Jurisdiction by US Magistrate Judge by All Plaintiffs. (DeVinney, Drew) |
| 06/11/2015 | 5 | | NOTICE of Appearance by Joseph M Russell on behalf of Mark Peterson. Attorney(s) appearing: Joseph Michael Russell (Russell, Joseph) |
| 06/12/2015 | 6 | | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Billy Ball, Dennis Devalkenaere, Timothy Graham, Erik Gulbrandson, James Hensley.(Yuan, Jenny) |
| 06/15/2015 | 7 | | First MOTION to Remand to State Court *of Wisconsin, County of Milwaukee* by Eddie Gill. (Attachments: # 1 Exhibit 1 – Affidavits of Service)(DeVinney, Drew) |
| 06/15/2015 | 8 | | MOTION for Joinder *to Notice of Removal* by Billy Ball, Dennis Devalkenaere, Timothy Graham, Erik Gulbrandson, James Hensley. (Yuan, Jenny) |
| 06/16/2015 | 9 | | NOTICE by Mark Peterson *of Consent and Joinder to Notice of Removal* (Russell, Joseph) |
| 06/16/2015 | 10 | | Refusal to Jurisdiction by US Magistrate Judge by Mark Peterson. (Russell, Joseph) |
| 06/18/2015 | 11 | | ANSWER to Complaint with Jury Demand *and Affirmative Defenses* by Edward Flynn.(Yuan, Jenny) |
| 06/18/2015 | 12 | | JOINDER by Edward Flynn . (Yuan, Jenny) |
| 06/19/2015 | 13 | | BRIEF in Opposition filed by Billy Ball, City of Milwaukee, Dennis Devalkenaere, Edward Flynn, Timothy Graham, Erik Gulbrandson, James Hensley re 7 First MOTION to Remand to State Court *of Wisconsin, County of Milwaukee* . (Yuan, Jenny) |
| 06/23/2015 | 14 | | ANSWER to Complaint with Jury Demand by Mark Peterson.(Russell, Joseph) |
| 06/24/2015 | 15 | | MOTION for Joinder *in Opposition to Plaintiff's Petition For Remand* by Mark Peterson. (Russell, Joseph) |
| 08/31/2015 | 16 | | ORDER signed by Judge Rudolph T. Randa on 8/31/2015. 8 15 Defendants' MOTIONS for Joinder GRANTED; 7 Plaintiff's MOTION to Remand to State Court DENIED. Telephonic Scheduling Conference set for 10/27/2015 at 9:30 AM before Judge Rudolph T. Randa, the Court will initiate the call. (Attachments: # 1 Attachment A, # 2 Attachment B, # 3 Attachment C) (cc: all counsel)(cb) (Entered: 09/01/2015) |
| 09/14/2015 | 17 | | Rule 12(c) MOTION for Judgment on the Pleadings by Mark Peterson. (Russell, Joseph) |
| 09/14/2015 | 18 | | BRIEF in Support filed by Mark Peterson re 17 MOTION for Judgment on the Pleadings . (Russell, Joseph) |
| 09/14/2015 | 19 | | *Joseph Russell* DECLARATION *in Support of Defendant Mark Peterson's* |

| | | | |
|---|---|---|---|
| | | | *Motion for Judgment on the Pleadings* (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D, #5 Exhibit E, #6 Exhibit F, #7 Exhibit G)(Russell, Joseph) |
| 10/09/2015 | 20 | | REPORT of Rule 26(f) Plan by Eddie Gill. (Martin, Kevin) |
| 10/14/2015 | 21 | | BRIEF in Opposition filed by Eddie Gill re 17 MOTION for Judgment on the Pleadings . (DeVinney, Drew) |
| 10/14/2015 | 22 | | DECLARATION of Drew J. DeVinney *in Support of Plaintiff's Memorandum in Opposition to Defendant Mark Petersons Rule 12(c) Motion for Judgment on the Pleadings* (Attachments: #1 Exhibit 1, #2 Exhibit 2, #3 Exhibit 3)(DeVinney, Drew) |
| 10/27/2015 | 23 | | Minute Entry for proceedings held before Judge Rudolph T Randa: Telephonic Scheduling Conference held on 10/27/2015. Rule 26(a)(1) Initial Disclosures to be exchanged by 11/30/2015. Amended Pleadings due by 11/30/2015. Plaintiffs Expert Witness List due by 3/1/2016. Defendants Expert Witness List due by 5/1/2016. Discovery due by 7/1/2016. Dispositive Motions due by 8/1/2016. Telephonic Final Pretrial Conference set for 12/22/2016 02:00 PM before Judge Rudolph T Randa. 2–week Jury Trial set for 1/9/2017 09:00 AM in Courtroom 320, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge Rudolph T Randa. Court to issue a ruling on defendant Mark Peterson's Rule 12(c) Motion for Judgment on the Pleadings by the end of November 2015. (lz) |
| 10/28/2015 | 24 | | SCHEDULING ORDER: signed by Judge Rudolph T Randa on 10/28/2015. (cc: all counsel)(lz) |
| 10/28/2015 | 25 | | REPLY BRIEF in Support filed by Mark Peterson re 17 MOTION for Judgment on the Pleadings . (Russell, Joseph) |
| 10/29/2015 | 26 | | LETTER from Drew J. DeVinney *in sur–repy to Defendant Peterson's Reply Brief*. (DeVinney, Drew) |
| 11/03/2015 | 27 | | MOTION to Strike *Plaintiff's Letter in Sur–Reply* by Mark Peterson. (Russell, Joseph) |
| 11/09/2015 | 28 | 14 | ORDER signed by Judge Rudolph T. Randa on 11/9/2015. 27 Defendant Peterson's MOTION to Strike *Plaintiff's Letter in Sur–Reply* DENIED. 17 Defendant Peterson's MOTION for Judgment on the Pleadings GRANTED; Mark Peterson DISMISSED. (cc: all counsel)(cb) (Entered: 11/10/2015) |
| 11/30/2015 | 29 | | AMENDED COMPLAINT against All Defendants filed by Eddie Gill.(Martin, Kevin) |
| 12/02/2015 | 30 | | MOTION to Strike *Plaintiff's Amended Complaint* by Mark Peterson. (Russell, Joseph) |
| 12/02/2015 | 31 | | RESPONSE to Motion filed by Eddie Gill re 30 MOTION to Strike *Plaintiff's Amended Complaint* . (DeVinney, Drew) |
| 12/03/2015 | | | NOTICE of Electronic Filing Error re 31 Response to Motion filed by Eddie Gill ; All documents should contain the s/signature of the attorney who files the document. This document does not need to be re–filed; Please refer to the policies and procedures for electronic case filing and the user manual found at |

| | | | |
|---|---|---|---|
| | | | www.wied.uscourts.gov (blr) |
| 12/03/2015 | 32 | | REPLY BRIEF in Support filed by Mark Peterson re 30 MOTION to Strike *Plaintiff's Amended Complaint* . (Russell, Joseph) |
| 12/03/2015 | 33 | | SUR–REPLY ~~BRIEF in Opposition~~ filed by Eddie Gill re 30 MOTION to Strike *Plaintiff's Amended Complaint* . (Martin, Kevin) Modified on 12/4/2015 (blr). |
| 12/14/2015 | 34 | | ANSWER to 29 Amended Complaint with Jury Demand by Billy Ball, City of Milwaukee, Dennis Devalkenaere, Edward A Flynn, Timothy Graham, Erik Gulbrandson, James Hensley.(Yuan, Jenny) |
| 01/20/2016 | 35 | | ORDER signed by Judge Rudolph T. Randa on 1/20/2016 DENYING 30 Peterson's Motion to Strike. (cc: all counsel) (cb) (Entered: 01/22/2016) |
| 02/03/2016 | 36 | | ANSWER to 29 Amended Complaint with Jury Demand by Mark Peterson.(Russell, Joseph) |
| 02/11/2016 | 37 | | MOTION for Judgment on the Pleadings by Mark Peterson. (Russell, Joseph) |
| 02/11/2016 | 38 | | BRIEF in Support filed by Mark Peterson re 37 MOTION for Judgment on the Pleadings . (Russell, Joseph) |
| 02/11/2016 | 39 | | DECLARATION of Joseph M. Russell In Support of Motion for Judgment on the Pleadings (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Russell, Joseph) |
| 03/02/2016 | 40 | | BRIEF in Opposition filed by Eddie Gill re 37 MOTION for Judgment on the Pleadings . (DeVinney, Drew) |
| 03/30/2016 | 41 | | MOTION for Judgment on the Pleadings by Billy Ball, City of Milwaukee, Dennis Devalkenaere, Edward A Flynn, Timothy Graham, Erik Gulbrandson, James Hensley. (Smokowicz, Jan) |
| 03/30/2016 | 42 | | BRIEF in Support filed by Billy Ball, City of Milwaukee, Dennis Devalkenaere, Edward A Flynn, Timothy Graham, Erik Gulbrandson, James Hensley re 41 MOTION for Judgment on the Pleadings . (Smokowicz, Jan) |
| 04/20/2016 | 43 | | BRIEF in Opposition filed by Eddie Gill re 41 MOTION for Judgment on the Pleadings . (DeVinney, Drew) |
| 04/20/2016 | 44 | | DECLARATION of Drew J. De Vinney in Opposition to Defendants' Rule 12(c) Motion for Judgment on the Pleadings (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(DeVinney, Drew) |
| 05/09/2016 | 45 | | REPLY BRIEF in Support filed by Billy Ball, City of Milwaukee, Dennis Devalkenaere, Edward A Flynn, Timothy Graham, Erik Gulbrandson, James Hensley re 41 MOTION for Judgment on the Pleadings . (Attachments: # 1 Appendix Unpublished Slip Opinion)(Smokowicz, Jan) |
| 06/06/2016 | 46 | 27 | ORDER signed by Judge Rudolph T Randa on 6/6/2016 GRANTING 37 Motion for Judgment on the Pleadings for the reasons set forth in the Court's November 9, 2015 Decision and Order, ECF No. 28. (cc: all counsel) (Chambers–rtr, 1) |
| 06/07/2016 | 47 | 29 | DECISION AND ORDER DISMISSING CASE signed by Judge Rudolph T |

| | | | |
|---|---|---|---|
| | | | Randa on 6/7/2016 GRANTING 41 Defendants MOTION for Judgment on the Pleadings filed by City of Milwaukee, Chief of Police Edward A Flynn, and Detectives James Hensley, Timothy Graham, Erik Gulbrandson, Billy Ball, and Dennis Devalkenaere. The plaintiffs supplemental state law claims are dismissed without prejudice. Judgment to be entered. (cc: all counsel)(lz) (Entered: 06/08/2016) |
| 06/09/2016 | 48 | 39 | JUDGMENT signed by Judge Rudolph T Randa and by Deputy Clerk on 6/9/2016 in favor of defendants City of Milwaukee, Billy Ball, Dennis Devalkenaere, Edward A Flynn, Erik Gulbrandson, James Hensley, Mark Peterson, and Timothy Graham and against plaintiff Eddie Gill. (cc: all counsel)(lz) (Entered: 06/10/2016) |
| 07/01/2016 | 49 | 8 | NOTICE OF APPEAL as to 28 Order, Terminate Motions, Terminate Party,,, 46 Order on Motion for Judgment on the Pleadings, 48 Judgment, 47 Order Dismissing Case, Terminate Motions,, by Eddie Gill. Filing Fee PAID $505, receipt number 0757–2372574 (cc: all counsel) (DeVinney, Drew) |
| 07/01/2016 | 50 | 10 | Docketing Statement by Eddie Gill re 49 Notice of Appeal, (cc: all counsel) (DeVinney, Drew) |
| 07/01/2016 | 51 | | Attorney Cover Letter re: 49 Notice of Appeal, (Attachments: # 1 Docket Sheet)(dmm) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

EDDIE GILL

      Plaintiff,

v.

                                        Case No.:  15-cv-00587-RTR

CITY OF MILWAUKEE,
CHIEF OF POLICE EDWARD FLYNN.
DET. JAMES HENSLEY,
DET. TIMOTHY GRAHAM,
DET. MARK PETERSON,
DET. ERIK GULBRANDSON,
DET. BILLY BALL, AND
DET. DENNIS DEVALKENAERE

      Defendants.

---

## NOTICE OF APPEAL

---

      NOTICE IS HEREBY GIVEN that Plaintiff, Eddie Gill, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Orders by the Honorable Rudolph T. Randa Granting Defendant Mark Peterson's Motion to Dismiss entered in this action on the thirtieth day of November, 2015 (Doc. 28); Granting Defendant Mark Peterson's Motion for Judgment on the Pleadings, entered into this action on the sixth day of June, 2016 (Doc. 46); Granting Defendants' Motion for Judgment on the Pleadings entered into this action on the seventh day of June, 2016 (Doc. 47); and the final judgment entered by the Clerk of the Eastern District of Wisconsin in favor of the defendants and against the plaintiff on the ninth day of June, 2016. (Doc. 48).

Respectfully submitted,

Dated: <u>July 1, 2016</u>       MARTIN LAW OFFICE, S.C.
                                   BIRDSALL LAW OFFICE, S.C.
                                   Attorneys for Plaintiff Eddie Gill

                                   /s/ Kevin R. Martin
                                  _____
                                   Kevin R. Martin
                                   State Bar No. 1045748
                                   John Birdsall
                                   State Bar No. 1017786
                                   Drew J. De Vinney
                                   State Bar No. 1088576

ADDRESS

Martin Law Office, S.C.                   Birdsall Law Office, S.C.
7280 S. 13th St., Ste.102              1110 N Old World 3rd, Ste. 218
Oak Creek, WI 53154                 Milwaukee, WI 53203
414-856-2310 (office)                414-831-5465 (office)
414-856-2315 (fax)                   414-831-5468 (fax)
kevin@martin-law-office.com         jbirdsall@birdsall-law.com
drew@martin-law-office.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

EDDIE GILL

      Plaintiff,

v.

CITY OF MILWAUKEE,
CHIEF OF POLICE EDWARD FLYNN.
DET. JAMES HENSLEY,
DET. TIMOTHY GRAHAM,
DET. MARK PETERSON,
DET. ERIK GULBRANDSON,
DET. BILLY BALL, AND
DET. DENNIS DEVALKENAERE

      Defendants.

Docketing Statement

Case No. 15-cv-00587

---

### SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT OF PLAINTIFF, EDDIE GILL

---

Plaintiff, Eddie Gill, by his undersigned attorneys, concurrent with his Notice of Appeal, respectfully submits this Docketing Statement pursuant to Circuit Rule (3)(c)(1) of the United States Court of Appeals for the Seventh Circuit.

### I. JURISDICTION OF THE DISTRICT COURT. CIR. R. 28(a)(1)

The district court has federal question jurisdiction as a civil action arising under the laws of the United States pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1331.

The complaint was filed against all named defendants on April 24, 2015 in the Circuit Court of Milwaukee County in the State of Wisconsin. (Doc. 1, Ex. A.) The complaint asserted claims pursuant to the laws of the State of Wisconsin, and pursuant to Title 42 U.S.C. §§ 1983

and 1988, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, for acts and omissions occurring exclusively in the City of Milwaukee, County of Milwaukee. The federal claims against all defendants included claims for Coercive Interrogation, False Arrest, Concealment of Exculpatory Evidence, Conspiracy, Failure to Intervene, Supervisory Liability, and _Monell_. (Id.) In addition, the complaint included claims of negligence against defendants James Hensley, Timothy Graham, Mark Peterson, Erik Gulbrandson, Billy Ball, and Dennis Devalkenaere, pursuant to the laws of the State of Wisconsin. (Id.)

The case was removed to the Eastern District of Wisconsin on May 14, 2015. (Doc. 1, Ex. A.) On November 9, 2015, the District Court dismissed Plaintiff's federal claims against Defendant Mark Peterson, and relinquished jurisdiction over the pendant state law negligence claim. (Doc. 28.) Plaintiff subsequently filed an Amended Complaint in the District Court re-alleging the original claims, and bringing additional state law claims for False Imprisonment against all defendants (except for Mark Peterson), Negligence against Chief Edward Flynn, and Negligent Training and Supervision against the City of Milwaukee. (Doc. 29.) On February 3, 2016, Plaintiff filed an action in the Circuit Court of Milwaukee County against Defendant Mark Peterson re-alleging the relinquished state law negligence claim and alleging a state law claim for False Imprisonment. Gill v. Peterson, Milwaukee County Case No. 2016-CV-804.

On June 7, 2016, the District Court granted the remaining named defendants' motion for judgment on the pleadings, dismissing all federal claims, and dismissing all state law claims without prejudice. (Doc. 47). On June 9, 2016 the Clerk of the Eastern District of Wisconsin entered a final order dismissing the case and judgment in favor of the Defendants. (Doc. 48).

## II. APPELLATE COURT JURISDICTION. CIR. R. 28(a)(2)

28 U.S.C. § 1291 and 28 U.S.C. § 1294 confer jurisdiction over this appeal on the United States Court of Appeals for the Seventh Circuit. The final order dismissing the case was entered by the Clerk of the Eastern District of Wisconsin on June 9, 2016. (Id.) No motions are anticipated that would toll the time within which to appeal. Plaintiff's Notice of Appeal was timely and concurrently filed with the district court on June 30, 2016.

## III. THIS IS AN APPEAL FROM A FINAL ORDER. CIR. R. 28(a)(3)

There are no claims that remain for disposition in the district court. See Cir. R. 28(a)(3)(i). The District Court's Order Dismissing Case constitutes a final judgment as to the claims that Plaintiff asserted pursuant to 28 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The District Court dismissed without prejudice all pendant state law claims. (See Doc. 28, 47, and 48.)

The basis for appellate jurisdiction is not the "collateral order doctrine." See Cir. R. 28(a)(3)(ii).

The order and judgment sought to be reviewed does not remand a case to a bankruptcy judge or administrative agency. See Cir. R. 28(a)(3)(iii).

No issues remain before the district court. See Cir. R. 28(a)(3)(iv).

## IV. ADDITIONAL REQUIREMENTS OF CIR. R. 3(c)(1)

There are no prior or related appellate proceedings in this case.

This is a civil case that does not involve any criminal convictions. 28 U.S.C. § 1915(g) is inapplicable.

Chief Edward Flynn appears in this case as a defendant-appellee in his present official capacity as the Chief of Police for the City of Milwaukee Police Department.

3

Respectfully submitted,


Dated: July 1, 2016                 MARTIN LAW OFFICE, S.C.
                                          BIRDSALL LAW OFFICE, S.C.
                                          Attorneys for Plaintiff Eddie Gill

                                          /s/ Kevin R. Martin

                                          _____
                                          Kevin R. Martin, Counsel of Record
                                          State Bar No. 1045748
                                          John Birdsall
                                          State Bar No. 1017786
                                          Drew J. De Vinney
                                          State Bar No. 1088576

ADDRESS

Martin Law Office, S.C.                      Birdsall Law Office, S.C.
7280 S. 13th St., Ste.102                   1110 N Old World 3rd, Ste. 218
Oak Creek, WI 53154                      Milwaukee, WI 53203
414-856-2310 (office)                      414-831-5465
414-856-2315 (fax)                         414-831-5468
kevin@martin-law-office.com         jbirdsall@birdsall-law.com
drew@martin-law-office.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDDIE GILL,**

        Plaintiff,

    **-vs-**               **Case No. 15-C-587**

**CITY OF MILWAUKEE, et al.,**

        Defendants.

---

## DECISION AND ORDER

---

Eddie Gill brings a series of federal and state law claims against the City of Milwaukee, Chief of Police Edward Flynn, and six Milwaukee police detectives. One of those detectives, Detective Mark Peterson, moves for judgment on the pleadings. Fed. R. Civ. P. 12(c). For the reasons that follow, this motion is granted.

## Background

Eddie Gill was charged with the February 3, 2013 homicide of Jordin Crawley. Gill confessed to the murder and spent just over a year in jail pending trial. Gill was never tried, however, at least partly because Milwaukee County Circuit Court Judge Stephanie Rothstein suppressed Gill's confession. At the time of his arrest, Gill was an 18-year-old ninth grader diagnosed with ADHD, functionally illiterate, and borderline mentally retarded.

The background that follows is derived from the allegations in the complaint, *see Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (courts "take the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff" when ruling on a Rule 12(c) motion); the February 24, 2014 suppression hearing conducted by Judge Rothstein, *see Scherr v. Marriot Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013) (courts "may take judicial notice of documents that are part of the public record, …"); the transcript and interview incident report of Detective Peterson's February 13, 2013 interrogation of Gill, *see id.*; *see also 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) ("documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim"); and various other documents that are either public records, referenced in the complaint, or both.

The Futuristic Lounge, a tavern located on 18th Street and Greenfield Avenue in Milwaukee, was set to close for good on February 3, 2013. Among those in attendance for its last night were Gill, Crawley, Berry Dytrail, Sheontae Kennedy, and Ashley Hanson. At approximately 1:30 a.m., the bar turned on its lights and began asking its patrons to leave. Around this same time, Gill and Hanson exited the tavern after Kennedy was removed due to an altercation with another guest over a spilled drink. A large crowd, approximately thirty to fifty people, milled outside of the Futuristic Lounge as

- 2 -

it closed.

At 2:15 a.m., across the street from the Futuristic Lounge, a group of men in a green SUV pulled into a gas station. Gill recognized his friend Marcus Parker among those men. Gill, along with Hanson, walked across the street to the gas station. Gill told the group that Kennedy wanted to fight and that he wanted to "go box." Gill and the group followed Hanson back to the crowd. At 2:17 a.m., gunshots were fired, hitting Dytrail and Crawley. Dytrail survived but Crawley was pronounced dead at the scene.

Police officers began arriving on the scene at 2:22 a.m.. In the days that followed, MPD detectives interviewed approximately twenty fact witnesses regarding the night of the shooting. One witness was Tromain Collier, who identified Gill from security video footage of the gas station parking lot. Detective Peterson spoke with Gill over the phone and left his business card and contact information with Gill's mother, Sandra Deberry.

At approximately 7:30 p.m. on February 12, 2013, Gill voluntarily came to the Milwaukee Police Administration Building to be interviewed. Detectives Timothy Graham and Erik Gulbrandson conducted the interview. During the course of the interview, Gill's recollection of the night of the shooting was inconsistent. For example, Gill said he was not upset immediately before the shooting when the video clearly showed that he was upset; that he only met up with one person at the gas station when the video showed him conversing

- 3 -

with several people at the gas station; that he was standing at one location before the shooting when he was clearly standing somewhere else; and that there were not any problems inside the bar, but later stated that he got into an argument with a woman over a spilled drink. Accordingly, Detectives Graham and Gulbrandson arrested Gill for obstruction.

Detectives Graham and Gulbrandson read Gill his *Miranda* rights, at which time Gill requested a lawyer, which ended the interrogation. While being transported to booking, Gill expressed a desire to take a polygraph test and that he wished to waive his right to a lawyer in order to do so. The next morning at approximately 7:00 a.m., Gill was awakened in his cell by Detective James Hensley for his polygraph. Prior to the examination, Detective Hensley reiterated that Gill could not have the polygraph without a lawyer, unless he waived his right to a lawyer. Gill alleges that he interpreted this to mean that either he could have a polygraph without a lawyer or he would not get a polygraph at all. At 7:40 a.m., Detective Hensley began administering the polygraph. The examination concluded at 2:20 p.m..

At approximately 2:53 p.m., Detectives Peterson and Billy Ball began to interrogate Gill. After being read his *Miranda* rights, Gill spoke to the officers and denied being involved in the shooting. The next morning, Detective Hensley interrogated Gill once again. Detective Hensley employed various interrogation techniques, including social isolation, confrontation,

- 4 -

theme development, and minimization. According to the complaint, Detective Hensley falsely stated that Gill was identified as the shooter by an eyewitness. Hensley also coerced Gill to waive his right counsel. Over the course of the interrogation, Gill professed his innocence more than 140 times, but in the end, he gave in and confessed. Gill was charged with First Degree Reckless Homicide.

On February 20, 2014, Judge Rothstein learned that Detectives Peterson and DeValkenaere each had filed an incident report of witness interviews conducted over a year earlier. Detective Peterson's report was generated from an interview with a witness named Thomas Klitzka. On February 21, 2014, Judge Rothstein held a hearing to discuss the delayed disclosure of these interview reports. Detective Peterson's explanation for the delay was that it was an error on his part due to the volume of cases he was working.

On February 24, 2014, Judge Rothstein held a hearing regarding Gill's motion to suppress his murder confession. Judge Rothstein determined that Gill's arrest was "an appropriate exercise of … authority" in light of the "inconsistencies" in Gill's interview answers. Judge Rothstein also concluded that Gill knowingly and intelligently waived his right to counsel on February 12, 2013. However, Judge Rothstein found that Gill did not understand whether he had a right to counsel before choosing to take the polygraph

- 5 -

examination. Thus, the "statements that were made beginning in the morning of February 13, 2013, and forward" were "not admissible" and "were not voluntary and his request for counsel was not scrupulously honored. Therefore, those statements will be suppressed for use by the state in their case-in-chief." In light of this ruling, the state chose not to proceed, the case was dismissed, and Gill was released from custody.

## Analysis

To survive a motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts the well-pleaded allegations as true and draws all reasonable inferences in favor of Gill, the non-moving party. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

Peterson contends that he is entitled to qualified immunity, which protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To determine whether a state official is entitled to

- 6 -

qualified immunity, the Court asks (1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right; and (2) whether the constitutional right was clearly established at the time of the alleged violation. *Williams v. City of Chi.*, 733 F.3d 749, 758 (7th Cir. 2013). A right is "clearly established" if "the contours of that right are sufficiently clear that a reasonable officer would understand that his actions violate that right – in other words, existing precedent must have placed the constitutional questions beyond debate." *Williams v. Ind. State Police Dep't*, 797 F.3d 468, 473 (7th Cir. 2015) (quoting *Reichle v. Howard*, --- U.S. ----, 132 S. Ct. 2088, 2093 (2012)).

First, Gill alleges that the defendants coerced a false confession using conscience-shocking behavior. "The Supreme Court has recognized that police conduct that 'shocks the conscience' supports a due process claim under § 1983 …, and we have acknowledged that a free-standing due process claim may succeed in a situation involving conscience-shocking interrogation tactics, …" *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (internal citations omitted). There is "no clear-cut analysis to determine what constitutes 'conscience-shocking' conduct; the question is whether the conduct is 'too close to the rack and the screw.'" *Fox*, 600 F.3d at 841 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). For example, forcing "an emetic down a person's throat to forcibly extract evidence from a suspect's stomach shocks the conscience," but

- 7 -

"lying to, threatening, or insulting a suspect does not, ..." *Id.* (citing *Tinker v. Beasley*, 429 F.3d 1324, 1329 (11th Cir. 2005)).

Peterson did not procure Gill's confession. It was Detective Hensley who, according to the complaint, "employed various techniques including social isolation, confrontation, theme development, and minimization to obtain" Gill's confession. Complaint, ¶ 31. This is not to say that the complaint states a claim against Hensley, but not Peterson. On the other hand, if Hensley did not engage in "conscience-shocking" behavior – the Court expresses no opinion on whether he did or did not – then neither did Peterson. Compared to Hensley, Peterson treated Gill with kid gloves.

Indeed, the transcript reveals that Peterson utilized ordinary interrogation tactics:

> DETECTIVE PETERSON: ... You have the right to remain silent. Anything you say can be used against you in a court of law. You have the right to consult with a lawyer before questioning, have a lawyer present with you during – if you cannot afford to hire a lawyer, one will be appointed to represent you at public expense before and during question [if] you so with. If you decide to answer the questions now without a lawyer present – remain silent at any time you wish, the right to ask to have a lawyer any time you wish during questioning. Do you understand each of these rights – make a statement. Basically you're saying it's okay.
>
> MR. GILL: Yeah.
>
> DETECTIVE PETERSON: You can stop it whenever you want. So it's okay for me to talk to you?

MR. GILL: Yeah.

DETECTIVE PETERSON: Okay.

Peterson explained at the suppression hearing: "After reading his rights, I looked at Mr. Gill. Mr. Gill looked at me. I wanted to make sure he understood each of the rights that were being read to him. I explained to him after reading his rights that he had pretty much to pick and choose whatever questions he wanted to ask or answer and that he could stop at any time he wanted."

Gill argues that Peterson's behavior "shocks the conscience" because Peterson exploited Gill's obvious and known intellectual limitations. This is not enough to state a claim for the violation of a clearly established right. The Supreme Court has "never held" that "police can render a waiver of *Miranda* rights involuntary simply by failing to take 'special care' that a suspect with a mental disability understands his rights." *Collins v. Gaetz*, 612 F.3d 574, 586 (7th Cir. 2010). If the failure to take "special care" is not enough to render a *Miranda* waiver involuntary, it certainly is not enough to meet the very high threshold of behavior that "shocks the conscience." *See also Young v. Walls*, 311 F.3d 846, 850 (7th Cir. 2002) ("It is sufficient [for *Miranda* purposes] if the suspect has enough mental capacity to make decisions in daily life").

Second, Gill alleges that Peterson caused his wrongful arrest and detention by eliciting a false confession. Peterson, however, did not place Gill

under arrest *or* elicit his confession. Even if the complaint plausibly alleged that Peterson was involved in these incidents, Gill does not dispute (as Judge Rothstein concluded) that there was probable cause to arrest Gill for obstruction. *Stokes v. Bd. of Ed. of the City of Chi.*, 599 F.3d 617, 622 (7th Cir. 2010) ("Probable cause is an absolute bar to a claim of false arrest asserted under the Fourth Amendment and section 1983"). Gill's argument about the lack of probable cause to arrest him for murder is misplaced because Gill was not released and then re-arrested. Instead, Gill remained in custody until he confessed. The existence of probable cause at the outset precludes any claim for false arrest. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause") (emphasis in original). Gill also cannot shoehorn his false confession claim into the Fourth Amendment context. *See Wallace v. City of Chi.*, 440 F.3d 421, 429 (7th Cir. 2006) ("We reject the idea of a stand-alone 'false confession' claim based on the Fourth Amendment, rather than the Fifth Amendment or the due process clauses").

Third, Gill argues that Peterson violated due process by concealing exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon

- 10 -

request violates due process where the evidence is material either to guilt or to punishment, …"). Setting aside the issue of whether the Klitzka interview report was actually exculpatory,[1] Gill's *Brady* claim cannot survive because Gill was never prosecuted. *See Ray v. City of Chi.*, 629 F.3d 660, 664 (7th Cir. 2011) (no *Brady* claim "when the individual is merely charged with a crime, but never fully prosecuted"). The Seventh Circuit has "entertained the possibility that prejudice could be established if an *acquitted defendant* showed that disclosure of the suppressed evidence would have altered the decision to go to trial." *Alexander v. McKinney*, 692 F.3d 553, 556 (7th Cir. 2012) (emphasis added). That scenario is different than the one at issue here because the case against Gill was never brought to trial. Of course, any uncertainty over whether such a claim is viable – with or without a trial – demonstrates the absence of a clearly established constitutional right.

Fourth, Gill alleges the defendants conspired to violate his constitutional rights. Peterson argues that this claim should be dismissed because conspiracy "is not an independent basis of liability in § 1983 actions." *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008). Instead, "an actual denial of a civil right is necessary before a cause of action [for conspiracy] arises." *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Gill has failed to

---

[1] Klitzka stated that he was at the gas station when the homicide occurred, but did not know where Gill was located and did not see Gill when the shots were being fired.

- 11 -

state a plausible claim for relief against Peterson, but Peterson could still be liable in conspiracy if any of the remaining defendants violated Gill's constitutional rights. *See, e.g., Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1077 (N.D. Ill. 2014) (rejecting the argument that state actors can never be liable under § 1983 for conspiring with each other) (discussing *Logan v. Wilkins*, 644 F.3d 577, 583 n.1 (7th Cir. 2011)).

For the reasons already stated, Gill cannot state a false arrest claim, nor can he state a *Brady* claim. This analysis applies across the board, as a matter of law, to all of the defendants in this case. Therefore, Gill cannot state a conspiracy claim with respect to Counts II and III. As to Count I – the coercive investigation claim – the complaint generically alleges that the defendants "reached an agreement amongst themselves to coercively interrogate [Gill] in an extreme and outrageous manner." Complaint, ¶ 73. This is an insufficient allegation grounded in "collective responsibility." "Although every conspirator is responsible for others' acts within the scope of the agreement, it remains essential to show that a particular defendant joined the conspiracy and knew of its scope." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Put another way, Gill fails to plausibly allege that Peterson helped, assisted, or otherwise conspired with any other defendant to coercively interrogate Gill.

Fifth, Gill alleges that the defendants failed to intervene to prevent the

- 12 -

violation of his constitutional rights. As the complaint makes clear, Peterson was not present when Gill confessed to Detective Hensley. Peterson cannot be liable for failing to stop a violation of which he was not aware. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (explaining duty to intervene to stop violation in an officer's presence "or otherwise within his knowledge").

Finally, Gill brings a state law negligence claim against Peterson. The Court will relinquish jurisdiction over this pendent party claim. *RWJ Mgmt. Co., Inc. v. BP Products N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) ("when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.    Peterson's motion to strike Gill's sur-reply letter [ECF No. 27] is **DENIED**; and

2.    Peterson's motion to dismiss [ECF No. 17] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2015.

**BY THE COURT:**

*Rudolph X Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 13 -

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**EDDIE GILL,**

        Plaintiff,

       -vs-                      **Case No. 15-C-587**

**CITY OF MILWAUKEE, et al.,**

        Defendants.

---

## DECISION AND ORDER

---

On November 9, 2015, the Court granted Detective Mark Peterson's motion for judgment on the pleadings with respect to the claims brought against him by the plaintiff, Eddie Gill. Subsequently, Gill filed an amended complaint, which Peterson moved to strike. The Court denied that motion, reasoning, in part, as follows:

> Peterson also argues that Gill is attempting to circumvent the Court's Order granting Peterson's motion to dismiss. To the contrary, Gill included the dismissed federal claims in his amended complaint to avoid any argument that such allegations were never brought in the first place. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void"). This is a perfectly appropriate way to ensure that Gill's rights are preserved on appeal.

January 20, 2016 Decision and Order, at 1-2.

Now before the Court is Peterson's motion for judgment on the

pleadings. Peterson argues that the claims against him should be dismissed "*with prejudice* for the reasons set forth below, which reflect the reasons provided in Detective Peterson's previous Rule 12(c) [motion], which he filed with regard to Plaintiff's original Complaint." ECF No. 38, at 4 (emphasis added). In the Court's understanding, the claims were dismissed with prejudice because the ruling was an adjudication on the merits of Gill's claims against Peterson. Therefore, the instant motion seems unnecessary, but it is also awkward for the Court to deny that which was already granted.

Accordingly, Peterson's motion for judgment on the pleadings [ECF No. 37] is **GRANTED** for the reasons set forth in the Court's November 9, 2015 Decision and Order, ECF No. 28.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2016.

SO ORDERED:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 2 -

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**EDDIE GILL,**

        Plaintiff,

      **-vs-**               **Case No. 15-C-587**

**CITY OF MILWAUKEE, et al.,**

        Defendants.

---

## DECISION AND ORDER

---

Eddie Gill alleges that he was wrongfully arrested and detained pending trial for the February 3, 2013 homicide of Jordin Crawley. Gill brings federal and state law claims against the City of Milwaukee, Chief of Police Edward Flynn, and six Milwaukee police detectives. On November 9, 2015, the Court dismissed Gill's claims against one of those detectives, Mark Peterson. *See* ECF No. 28, 2015 WL 6965977. Now before the Court is a motion for judgment on the pleadings filed by the remaining defendants in this case. This motion is granted.

Gill confessed to Crawley's murder and spent just over a year in jail pending trial. He was never tried, however, because a Milwaukee County Circuit Court judge ultimately found that Gill's confession was involuntary and suppressed the confession. At the time of his arrest, Gill was a

functionally illiterate, borderline mentally retarded 18-year-old ninth grader diagnosed with ADHD. A more complete factual background can be found in the Court's November 9, 2015 Decision and Order.

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). To survive a Rule 12(b)(6) motion, the Court must determine whether Gill has pleaded enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Factual allegations are accepted as true at the pleading stage, but "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

Gill alleges that Detectives Peterson, Hensley, Graham, Gulbrandson, Ball, and DeValkenaere violated his due process rights through the use of coercive interrogation techniques. The Supreme Court "has recognized that police conduct that 'shocks the conscience' supports a

- 2 -

due process claim under § 1983 …, and [the Seventh Circuit has] acknowledged that a free-standing due process claim may succeed in a situation involving conscience-shocking interrogation tactics, …" *Fox v. Hayes*, 600 F.3d 819, 841 (7th Cir. 2010) (internal citations omitted). There is "no clear-cut analysis to determine what constitutes 'conscience-shocking' conduct; the question is whether the conduct is 'too close to the rack and the screw.'" *Fox*, 600 F.3d at 841 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)). For example, forcing "an emetic down a person's throat to forcibly extract evidence from a suspect's stomach shocks the conscience," but "lying to, threatening, or insulting a suspect does not, …" *Id.* (citing *Tinker v. Beasley*, 429 F.3d 1324, 1329 (11th Cir. 2005)).

In its November 9, 2015 Decision and Order, the Court referenced the conduct of Detective Hensley in relation to Detective Peterson:

> Peterson did not procure Gill's confession. It was Detective Hensley who, according to the complaint, 'employed various techniques including social isolation, confrontation, theme development, and minimization to obtain' Gill's confession. *This is not to say that the complaint states a claim against Hensley, but not Peterson.* On the other hand, if Hensley did not engage in 'conscience-shocking' behavior – the Court expresses no opinion on whether he did or not – then neither did Peterson. Compared to Hensley, Peterson treated Gill with kid gloves.

2015 WL 6965977, at *4 (emphasis added). In light of these comments, the

- 3 -

Court will begin its analysis with Detective Hensley.

According to the amended complaint:

At approximately 7:00 AM on February 13, 2013, Eddie Gill was awakened in his cell by Det. James Hensley, who would conduct the polygraph examination. …

…

At 7:40 AM on February 13, 2013, Det. Hensley administered the polygraph examination. Eddie Gill's cognitive difficulties were immediately apparent to Det. Hensley; Eddie Gill could neither read nor write, and was still in the ninth grade at the age of eighteen; at the outset of the examination, Eddie Gill struggled to comprehend his Miranda rights but was guided by Det. Hensley to state that he understood; despite his confusion, Eddie Gill was not informed of the investigative purpose of the polygraph or the reason he was arrested; throughout the examination, Eddie Gill demonstrated signs of struggling to maintain attention and an inability to remember and understand Det. Hensley's instructions. Eddie Gill consistently denied any involvement with the shooting. The polygraph examination concluded at 2:20 PM.

…

At 7:17 AM on February 14, 2013, Eddie Gill was again awakened in his cell by Det. James Hensley for follow-up interrogation. Eddie Gill asked Det. James Hensley why he had not been able to make a phone call, and Det. James Hensley told Eddie Gill that he was not allowed to make any calls; Det. James Hensley told Eddie Gill that he failed the polygraph examination and erroneously told him that multiple people had identified him as the shooter in photo arrays. Eddie Gill again invoked his right to counsel and was coerced by Det. Hensley to waive his right to counsel.

Over the course of the interrogation by Det. Hensley on

February 14, 2013, Eddie Gill professed his innocence more than 140 times. During the interrogation Eddie Gill explained to Det. Hensley that he had comprehension problems. Throughout the interrogation, Det. Hensley employed various techniques including social isolation, confrontation, theme development, and minimization to obtain Eddie Gill's confession; Det. Hensley also presented false evidence, including that Eddie Gill was identified as the shooter by an eye-witness. When left alone, Eddie Gill sobbed and repeatedly professed his innocence to himself. … Eddie Gill eventually signed a confession to the shooting of Jordin Crawley.

Amended Complaint, ¶¶ 29-30, 32-33.

Gill likens his case to two Eighth Circuit cases. *See Wilson v. Lawrence Cnty.*, 260 F.3d 946 (8th Cir. 2001); *Livers v. Schenck*, 700 F.3d 340 (8th Cir. 2012). In *Wilson*, the court found that officers violated the clearly established rights of a mentally retarded man (Wilson) when they (1) had reason to know that Wilson was mentally retarded; (2) interrogated Wilson for over four hours; (3) never left him alone; (4) interrogated Wilson without any friend, relative, or advisor present; (5) falsely claimed they had strong incriminating evidence; (6) promised leniency if Wilson confessed and said Wilson would be found guilty if he did not; (7) "used threatening tones and language"; (8) refused to accept Wilson's protestations of innocence, threatening to use them to secure harsher penalties; and, (9) of "particular concern," obtained the confession using

leading questions that provided details about the crime. 260 F.3d at 952-53. These facts are similar to the instant case, but *Wilson* involved a "traditional Fifth Amendment claim, not a Fourteenth Amendment shock-the-conscience claim, …" *Smith v. Patterson*, 430 Fed. App'x 438, 442 (6th Cir. July 14, 2011). The phrase "traditional Fifth Amendment claim" is a reference to the Fifth Amendment privilege against self-incrimination. Gill cannot pursue such a claim because his confession was never introduced at trial. *Livers*, 700 F.3d at 351 n.9 ("A Fifth Amendment violation of the[] protection against self-incrimination, based upon a coerced confession, only arises when the coerced statements are used in the criminal case") (citing *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (plurality opinion)).

Confusingly, *Livers* relied on *Wilson* to find a Fourteenth Amendment due process violation. Again, the facts are similar. 700 F.3d at 352-53. Thus, it appears that if this case arose in the Eighth Circuit, Gill could state a claim for the violation of a clearly established right against Detective Hensley. At the risk of stating the obvious, however, this Court must first look to Supreme Court and Seventh Circuit precedent to determine whether a right is clearly established. *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). Very recently, the Seventh Circuit held that the use of ordinary interrogation tactics on a suspect with a known

- 6 -

learning disability does not shock the conscience. *Cairel v. Anderson*, ---
F.3d ----, 2016 WL 2641836, at *7 (7th Cir. May 5, 2016). Detective
Hensley's tactics were perhaps beyond "ordinary," but even in *Cairel*, the
court emphasized that the officers "may have been particularly insistent,
and may have even falsely promised relief if he cooperated, but those
tactics do not shock the conscience." *Id.* (citing *Fox*, 600 F.3d at 841). Thus,
the Court must conclude that Detective Hensley is entitled to qualified
immunity. "To be clearly established, a right must be sufficiently clear that
every reasonable official would have understood that what he is doing
violates that right. … We do not require a case directly on point, but
existing precedent must have placed the statutory or constitutional
question beyond debate." *Taylor v. Barkes*, --- U.S. ----, 135 S. Ct. 2042,
2044 (2015).

Gill's complaint fails to state an actionable due process claim
against the remaining defendants for the reasons set forth in the Court's
November 9, 2015 Decision and Order:

> Gill argues that [the defendants'] behavior 'shocks the
> conscience' because [the defendants] exploited Gill's obvious
> and known intellectual limitations. This is not enough to state
> a claim for the violation of a clearly established right. The
> Supreme Court has 'never held' that 'police can render a
> waiver of *Miranda* rights involuntary simply by failing to take
> 'special care' that a suspect with a mental disability

- 7 -

> understands his rights.' If the failure to take 'special care' is not enough to render a *Miranda* waiver involuntary, it certainly is not enough to meet the very high threshold of behavior that 'shocks the conscience.'

2015 WL 6965977, at *4 (internal citations omitted). *Cairel* confirms that interrogating and obtaining a confession from a suspect with a known learning disability does not shock the conscience.

Gill also brings claims for false arrest, concealing exculpatory evidence, conspiracy, and failure to intervene. The Court already held that "Gill cannot state a false arrest claim, nor can he state a *Brady* claim. *This analysis applies across the board, as a matter of law, to all of the defendants in this case.*" 2015 WL 6965977, at *5 (emphasis added). The Court also held that Gill failed to state a due process/coercive interrogation claim against Detective Peterson. Now, the Court has held that Gill failed to state actionable due process claims against Detectives Graham, Gulbrandson, Ball, and DeValkenaere, and Detective Hensley, at minimum, is entitled to qualified immunity. Without any clearly established underlying violations, Gill cannot maintain claims for conspiracy or failure to intervene. If, for example, the other detectives conspired with Detective Hensley, those detectives would also be entitled to qualified immunity.

- 8 -

Gill's final two federal claims are for supervisory liability against Chief of Police Edward Flynn and against the City of Milwaukee under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). For the most part, these claims collapse due to the absence of an underlying constitutional violation. *See Estate of Perry v. Wenzel*, --- F. Supp. 3d ----, 2016 WL 2772193, at *9 (E.D. Wis. May 6, 2016); *Hart v. Manna*, 992 F. Supp. 2d 896, 911 (S.D. Ind. 2014). Assuming, without deciding, that Detective Hensley violated Gill's constitutional rights, Gill does not plausibly allege that Chief Flynn knew about the conduct and facilitated it, approved it, condoned it, or turned a blind eye to it. *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Similarly, Gill does not plausibly allege that Detective Hensley's conduct was caused by an unconstitutional policy, practice, or custom.

The parties agree that the supplemental state law claims should be dismissed without prejudice.

Defendants' motion for judgment on the pleadings [ECF No. 41] is **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this __7th__ day of June, 2016.

SO ORDERED:

HON. RUDOLPH T. RANDA
**U.S. District Judge**

- 10 -

# United States District Court

## EASTERN DISTRICT OF WISCONSIN

### JUDGMENT IN A CIVIL CASE

**EDDIE GILL,**

Plaintiff,

V.                                    CASE NUMBER:    **15-C-587**

**CITY OF MILWAUKEE,**
**CHIEF OF POLICE EDWARD A. FLYNN,**
**DETECTIVE JAMES HENSLEY,**
**DETECTIVE TIMOTHY GRAHAM,**
**DETECTIVE MARK PETERSON,**
**DETECTIVE ERIK GULBRANDSON,**
**DETECTIVE BILLY BALL, and**
**DETECTIVE DENNIS DEVALKENAERE,**

Defendants.

☐   Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒   Decision by Court.  This action came on for consideration and a decision has been rendered.

IT IS ORDERED AND ADJUDGED **that judgment is entered in favor of the defendants and against the plaintiff on the plaintiff's action, pursuant to Title 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, alleging wrongful arrest and detention pending trial.**

Defendant Detective Mark Peterson's motion for judgment on the pleadings is GRANTED. These claims are DISMISSED WITH PREJUDICE.

The motion for judgment on the pleadings by defendants City of Milwaukee, Chief of Police Edward A. Flynn, Detective James Hensley, Detective Timothy Graham, Detective Erik Gulbrandson, Detective Billy Ball, and Detective Dennis DeValkenaere, on the plaintiff's federal law claims, is GRANTED. These claims are DISMISSED WITH PREJUDICE.

The plaintiff's supplemental state law claims are DISMISSED WITHOUT PREJUDICE.

This action is hereby TERMINATED.

_____June 9, 2016_____        JON W. SANFILIPPO_____
Date                               Clerk


                                    _s/ Linda M. Zik_____
                                   (By) Deputy Clerk


*APPROVED:*

_____
*Hon. Rudolph T. Randa*
*U.S. District Judge*

_____June 9, 2016_____
*Date*